O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIXTRO MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>GLEN LEWIS, Warden,<br><br>    Respondent. | Case No. CV 12-7338 SJO (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY AND EVIDENTIARY HEARING** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

    Petitioner's Objections generally reiterate the arguments made in his Petition, and lack merit for the reasons set forth in the Report and Recommendation. There are two issues, however, that warrant brief amplification here.

    First, in his Objections, Petitioner contends that he was prejudiced by the trial court's time limitations on voir dire, specifically that of Juror 12. (Obj. at 2.)

    Preliminarily, Petitioner expresses "concern" that Juror 12 was biased. (*Id.*) But "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citation omitted). Indeed, Petitioner offers no evidence that Juror 12 *actually* was biased, or

that additional questioning would have uncovered such bias. (*See generally* Obj.)

Similarly, Petitioner's "concern" regarding Juror 12's ability to understand English is belied by the record. (*See id.* at 2.) Although Juror 12 experienced some confusion regarding the juror questionnaire, he had no trouble understanding and answering questions from the judge and Petitioner's trial counsel. (*See* RT at 127-29); *see also Corona v. Almager*, 2009 WL 3246452, at *7 (S.D. Cal. Oct. 5, 2009) (finding juror proficient in English based on "his grammatically correct responses on voir dire, [and] the lack of pauses in the proceedings or requests by the court reporter to repeat answers[]").

Notably, Petitioner had the opportunity at trial to object to Juror 12 for cause, or to use a peremptory strike, and he neglected to do either. (*See* RT at 129 (following Juror 12's voir dire, the trial judge asked if there was "[a]ny challenge for cause[,]" and Petitioner's counsel raised none).)

Thus, Petitioner was not prejudiced by the trial court's time limits on voir dire.

Second, Petitioner claims that he is not a member of the Pacoima Flats street gang, and the Magistrate Judge erred in determining that substantial evidence supported his gang enhancement. (Obj. at 6.)

Petitioner is mistaken. First, as noted by the California Court of Appeal, the gang expert at Petitioner's trial testified that Petitioner "is a known member of the Pacas (slang for Pacoima) Flats gang." (R&R Ex. A at 6; RT at 2433-35.) Second, Petitioner referred to himself as "Jokey" from "the Flats." (R&R Ex. A at 6; RT at 695-96.) Third, all five of Petitioner's victims were rival gang members, and the murders occurred in rival gang territories. (R&R Ex. A at 6; RT at 695-96, 937, 1271-87.) Fourth, shortly before his first murder, Petitioner made derogatory statements about the victim's gang. (R&R Ex. A at 6; RT at 695-96.) Fifth, after Petitioner shot his next four victims, someone in his vehicle yelled "Pacoima." (R&R Ex. A at 6; RT at 1271-78.)

As such, substantial evidence supported the finding that Petitioner's crimes were

committed "for the benefit of, at the direction of, or in association with" the Pacoima Flats street gang. Cal. Pen. Code. § 186.22(b)(1).

      Accordingly, IT IS ORDERED THAT:

      1.      The Report and Recommendation is approved and accepted;

      2.      Judgment be entered denying the Petition and dismissing this action with prejudice; and

      3.      The Clerk serve copies of this Order on the parties.

      Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

      Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of the state court-decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").

DATED: February 26, 2015.

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE